## The Wabash Railroad Company

v.

## Mary E. Speer.

39  599
156s 244

*Railroads—Negligence of—Unnecessary Sounding of Whistle—Cross-ings—Personal Injuries—Contributory Negligence.*

1. It is ordinarily negligence to go upon a railroad track without using the senses to ascertain as to the proximity of trains.

2. A railroad company is liable for personal injuries arising from the frightening of a team standing a safe distance from a crossing, through the unnecessary sounding of the whistle of one of its engines.

[Opinion filed June 12, 1891.]

Appeal from the Circuit Court of Ford County; the Hon. Alfred Sample, Judge, presiding.

Mr. George B. Burnett, for appellant.

Messrs. Cook & Moffett and T. H. Tipton, for appellee.

Wall, J.   The point mainly urged by the appellant, is that appellee did not use ordinary care to discover the approach of the train.   If this is a defense it must be because one desiring to cross a railroad track should not approach within a certain distance of it while a train is in sight.

It is negligence usually to *go upon* a track without using the senses to ascertain whether a train is coming, but we know of no rule of law or prudence forbidding one to go along the highway toward a railroad track without such care.   If before going *on* the track he takes the precaution to know whether he can cross in safety, he has done all that is required.

In this case the injury was occasioned, as appellee alleged, by the unnecessary sounding of the whistle just as the train reached the crossing, and while the team of appellee was standing a safe distance from the track waiting for the train to pass.

The team was frightened by the whistle, and turning sud-
denly, upset. the wagon throwing appellee violently to the
ground.

Appellant urges that it was negligence for appellee to be
there at that time, and that an instruction given at the instance
of appellee which assumed the contrary or ignored the impor-
tance of due care to observe the approach of the train in
coming to that point was erroneous.   We do not so regard it.

The appellee had a right to drive up to the point where she
stopped even though she knew the train was coming.   She
had a right to expect, when she did so, that no unnecessary
sounding of the whistle would occur, and she may well com-
plain if she was disappointed in that respect.

The view suggested by appellant would require persons to
stop at a greater distance from the track than would be nec-
essary if the train men are bound to act with proper care and
discretion in the use of the whistle.   The judgment will be
affirmed.

*Judgment affirmed.*